**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000499
24-APR-2023
08:10 AM
Dkt. 74 SO

NO. CAAP-21-0000499

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JACLYN PICKERILL, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DTA-20-02431)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and Chan, JJ.)

Defendant-Appellant Jaclyn Pickerill (**Pickerill**) appeals from the Judgment and Notice of Entry of Judgment entered on July 8, 2021 (**Judgment**), by the District Court of the Third Circuit, Kona Division (**District Court**).[1] Pickerill was convicted of Operating a Vehicle Under the Influence of an Intoxicant in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (2020).[2] Pickerill did not testify at trial.

---

[1] The Honorable Joseph P. Florendo, Jr., presided.

[2] HRS § 291E-61 states, in pertinent part:

> **§ 291E-61 Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

Pickerill raises two points of error on appeal, contending that the District Court erred by: (1) giving Pickerill two advisements that did not comply with the limitations, requirements, and standards set in Tachibana v. State, 79 Hawaiʻi 226, 900 P.2d 1293 (1995), State v. Monteil, 134 Hawaiʻi 361, 341 P.3d 567 (2014), and State v. Celestine, 142 Hawaiʻi 165, 415 P.3d 907 (2018); and (2) conducting a defective ultimate Tachibana colloquy.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant legal authorities, we address Pickerill's points of error as follows:

(1) Pickerill argues that the District Court erred (twice) when it added that she should consult with her attorney regarding her decision to testify, just after the court advised Pickerill that she had a constitutional right to testify and just before the court advised Pickerill that it was ultimately her decision and no one can prevent her from testifying should she choose to do so. Pickerill argues that this "added instruction" rendered the advisements defective in three ways. First, Pickerill argues that this added instruction made the advisement unbalanced – i.e., the advisement did not maintain an even balance between the right to testify and the right not to testify – because the court gave no similar instruction while advising Pickerill of her right not to testify. Second, Pickerill argues that the added instruction was improper because it was not strictly informative - i.e., the District Court told her that she should consult with her attorney regarding the decision to testify. Third, Pickerill argues that the added instruction ambiguously imposed an unlawful obligation on Pickerill to consult with her attorney if her decision was to testify. Pickerill submits that the added instructions have the effect of influencing a defendant not to testify because they impose an additional requirement only if the defendant decides to testify.

2

We decline to hold that it is plain error, regardless of the totality of the Tachibana advisement and colloquy, for a trial court to tell a defendant that he or she should consult with his or her attorney in conjunction with the court's Tachibana advisement and colloquy with the defendant.

We further decline to hold that, under the circumstances here, the District Court's statement to Pickerill that "you should consult with your lawyer regarding your decision to testify" imposed an unlawful obligation on Pickerill to consult with her attorney if her decision was to testify. That statement was immediately followed by "[h]owever, it is ultimately your decision, and no one can prevent you from testifying should you choose to do so."

However, the supreme court has repeatedly emphasized its mandate to the trial courts to "maintain an 'even balance' between a defendant's right to testify and the right not to testify." Monteil, 134 Hawaiʻi at 370, 341 P.3d at 576, citing State v. Lewis, 94 Hawaiʻi 292, 295, 12 P.3d 1233, 1236 (2000). This balance is important and intended to ensure that the trial court's advisement does not influence the defendant's decision one way or the other. See Tachibana, 79 Hawaiʻi at 236 n.7, 900 P.2d at 1303 n.7. Here, the District Court failed to maintain an even balance between its advisements, twice telling Pickerill that she should consult with her attorney in conjunction with the advisement regarding her right to testify, but at no point telling Pickerill that she should consult with her attorney in conjunction with her right not to testify.

As Pickerill did not exercise her right to testify, we cannot conclude that the District Court's error was harmless beyond a reasonable doubt because it is not knowable whether Pickerill's testimony, had she given it, could have established reasonable doubt that she operated a vehicle under the influence of an intoxicant in violation of HRS § 291E-61(a)(1). See Celestine, 142 Hawaiʻi at 173, 415 P.3d at 915.

3

(2)  In light of the above, we need not reach Pickerill's further argument regarding whether, in the ultimate colloquy, the District Court engaged in a sufficient verbal exchange with Pickerill.

Based on the above, the District Court's July 8, 2021 Judgment is vacated, and the case is remanded to the District Court for further proceedings.

DATED:  Honolulu, Hawaiʻi, April 24, 2023.


On the briefs:

Marcus B. Sierra
for Defendant-Appellant.

Stephen L. Frye,
Deputy Prosecuting Attorney,
County of Hawaiʻi
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge